IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 3:12-CV-00155 (CAR) |
| GEORGIA FARM BUREAU MUTUAL | : | |
| INSURANCE COMPANY and | : | |
| BETTY K. ENSLEN, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

Before the Court is Plaintiff Bank of America, N.A.'s Motion to Disqualify Mark Dietrichs as counsel for Defendant Georgia Farm Bureau Mutual Insurance Company.[1] Defendants contend that Dietrichs is likely to be a necessary witness at trial and, therefore, the Court should disqualify him from serving as Defendant's attorney pursuant to Rule 3.7 of the Georgia Rules of Professional Conduct.  Having considered the matter and applicable law, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** as premature.  Even if the Court assumes, without deciding, that Dietrichs will be a necessary witness at trial, it would be improper to deprive Defendant of Dietrichs' assistance at this point in the proceedings.

---

[1] Plaintiff also moved to disqualify Laura Murtha as counsel for Defendant; however, the Court granted Murtha's request to withdraw on June 3, 2014, thereby rendering the instant motion moot as it pertains to her.

Attorneys practicing before this Court are governed by the Court's Local Rules, the Georgia Rules of Professional Conduct, and, to the extent they are not inconsistent with the Local and Georgia Rules, the American Bar Association Model Rules of Professional Conduct.[2] In the context of this case, the Court looks to Rule 3.7 of the Georgia Rules of Professional Conduct, which governs an attorney acting in a dual capacity as both advocate and witness. Rule 3.7 specifically mandates that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness" unless "(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."[3]

In practical terms, Rule 3.7 is based on the principle that jurors, as triers of fact, may be unable to distinguish between a lawyer's testimony and his advocacy.[4] As the Comments to Rule 3.7 explain, "[a] witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of proof."[5] Unlike jurors, the Court is qualified to make such distinctions.[6] Accordingly, and by its plain language, Rule 3.7 is limited to those circumstances when an attorney acts as both advocate and

---

[2] M.D. Ga. L.R. 83.2.1.
[3] Ga. Rules of Prof'l Conduct, Rule 3.7 ("Rule 3.7").
[4] *Clough v. Richelo*, 274 Ga. App. 129, 137 (2005); *see also* Rule 3.7 cmt. [2].
[5] Rule 3.7 cmt. [2].
[6] *See Duncan v. Poythress*, 777 F.2d 1508, 1515 n.21 (1985).

2

witness at trial.[7]

Based on the foregoing, Defendant is entitled to retain Dietrichs for the purpose of pretrial proceedings. Thus, Plaintiff's Motion to Disqualify Mark Dietrichs as Counsel for Defendant [Doc. 50] is hereby **DENIED WITHOUT PREJUDICE** to Plaintiff raising it at a more appropriate time.

**SO ORDERED,** this 28th day of August, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

BBP

---

[7] *Hallmark Developers, Inc. v. Fulton Cnty.*, No. 1:02-cv-01862-ODE, 2004 WL 5492706, at *8 (N.D. Ga. Sept. 27, 2004).